WILLIAM J. MANN *vs.* T. B. BISHOP.

Suffolk. Jan. 14. — Feb. 28, 1884. C. ALLEN & HOLMES, JJ., absent.

A. bought by auction at a stock exchange, of which he and B. were members, a number of shares of stock, at a price exceeding fifty dollars, but, in accordance with the custom of the exchange, he did not receive his certificates until the next business day. After his purchase, and before he received his certificates, he sold to B. a less number of shares, at a price exceeding fifty dollars, deliverable in sixty days, buyer's option. After A. received his certificates, he and B. executed memoranda of purchase and sale. At the expiration of the sixty days, A. tendered to B. certificates of stock of the required amount, which he refused to accept; but it did not appear whether these were the same certificates which A. had when he made the sale to B. Purchases and sales of the same stock were made by A. during the sixty days, but he always had in his possession certificates of stock sufficient in amount to satisfy the contract. *Held*, that A. could maintain an action against B. for refusing to accept the stock.

CONTRACT for breach of a written agreement to accept and pay for certain shares of stock. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, in substance as follows:

From September 1, 1881, to January 1, 1882, the plaintiff and the defendant were stockbrokers and members of the Boston Mining and Stock Exchange. On Saturday, October 1, 1881, the plaintiff bought by auction, at said exchange, 1500 shares of the stock of the Deer Isle Mining Company, at eighty-seven cents per share; but, in accordance with the custom of the members of said exchange, to pay for and deliver stock on the next business day succeeding the sale, he did not receive his certificates thereof or pay therefor until the following Monday, October 3.

On the same Saturday, but later in the day, the plaintiff sold to the defendant, by auction, at said exchange, 1000 shares of said stock, at ninety-eight cents per share, payable and deliverable, buyer's option, sixty days; and on the following Monday, and after he had received his certificates for the 1500 shares, and while he had them in his possession, the plaintiff delivered to the defendant a memorandum of sale, and received from the defendant a memorandum of purchase, as follows :

"1000 Shares. Boston, Octo. 1, 1881. I have sold to T. Brigham Bishop & Co. one thousand shares of the stock of the Deer Isle Mining Co., at ninety-eight cents per share, payable and deliverable, buyer's option, sixty days, with interest at the rate of six per cent per annum. W. J. Mann."

"1000 Shares. Boston, Octo. 1, 1881. We have purchased of W. J. Mann one thousand shares of the stock of the Deer Isle Mining Co., at ninety-eight cents per share, payable and deliverable, buyer's option, sixty days, with interest at the rate of six per cent per annum. T. Brigham Bishop & Co."

These memoranda, although dated October 1, were not signed and delivered until October 3. Prior to this sale to the defendant, the plaintiff had never sold or entered into a contract to sell or deliver any shares of said stock. At all times during the sixty days mentioned in said memoranda, the plaintiff was the owner and had in his possession at least 1500 shares of said stock, which he was under no prior contract to deliver, and held himself in readiness to deliver to the defendant 1000 shares of said stock on the payment of the agreed price therefor. On October 12, the plaintiff sold to the defendant 100 other shares

of said stock by auction, at said exchange, payable and deliverable, buyer's option, sixty days, at $1.90 per share; and, on the next business day, in accordance with the custom of the members of said exchange, the plaintiff and the defendant made and delivered memoranda as before. The plaintiff, on said October 12, was the owner of at least 1500 shares of said stock, and, during all the time mentioned in the memoranda, was the owner of and held in his possession at least 500 shares of said stock, which he was under no prior contract to deliver, and at all times held himself in readiness to deliver to the defendant 100 shares of said stock on payment of the agreed price therefor.

On December 3, 1881, at the expiration of the sixty days mentioned in the memoranda, the plaintiff tendered to the defendant 1000 shares of said stock and demanded payment therefor. The defendant refused to accept and pay for the same, giving as his only reason therefor that he was unable so to do. On the next business day thereafter, the plaintiff, having given notice to the defendant thereof, sold said 1000 shares of stock by auction, at said exchange, for forty cents per share. These shares were purchased for the plaintiff by a person who had been instructed by the plaintiff to bid as high as forty cents per share therefor, but no higher, and were subsequently transferred to him by this person. The market value of said stock was, on the day of its sale, forty cents per share. On December 15, 1881, and at the expiration of the sixty days mentioned in the second memoranda, the plaintiff tendered to the defendant 100 other shares of said stock, and demanded payment therefor. The defendant refused to accept and pay therefor. The plaintiff did not then sell said stock, and it was then worth twenty-five cents per share in the market.

The certificates of said 1500 shares of stock received by the plaintiff on said October 3 were issued to a person who had assigned and indorsed the same in blank. Within a few days thereafter, the plaintiff sent these certificates to the office of the corporation at Portland, Maine, for the purpose of transfer, and received new certificates therefor in his own name.

During the time mentioned in the memoranda, the plaintiff bought and sold many thousand shares of said stock, and intermingled the certificates thereof, and did not tender to the

defendant the same identical certificates of stock which he had in his possession at the time of the sales by him to the defendant, and it is possible that the identical certificates which the plaintiff had at the time of the contracts with the defendant were sold by him for prices equal to those therein set forth, and that the certificates actually tendered were bought by the plaintiff just prior to the tender for forty cents per share. The market price of said stock fluctuated between November 1 and December 1, and at the latter date was about forty-two cents per share. The defendant never demanded any of said stock from the plaintiff. After October 12, the plaintiff made one or two short sales of said stock, and for two days had contracts out for the future delivery of 200 more shares of said stock than he then owned or had any interest in. These contracts were in the same form as the memoranda above mentioned.

*N. B. Bryant & J. W. Pickering*, for the defendant.

*W. B. French*, for the plaintiff.

COLBURN, J. The first objection of the defendant, that the first agreement was void under the Gen. Sts. c. 105, § 6, (Pub. Sts. c. 78, § 6,) because, at the time of making it, the plaintiff was not the owner of any of the stock he had agreed to sell, is not supported by the agreed facts, which show that, on Saturday, October 1, 1881, the plaintiff had purchased by auction at the Mining and Stock Exchange fifteen hundred shares of the stock, before he sold in the same place and way the one thousand shares to the defendant, and that, by the custom of the Exchange, the stock was to be delivered and paid for on the next business day; and that, on Monday, October 3, 1881, when the written memoranda of sale and purchase were delivered, the plaintiff had received and held the certificates for the fifteen hundred shares he had purchased on the Saturday before.

The next objection, that the transactions between the plaintiff and the defendant were fictitious and colorable, and a mere cover for illegal gambling upon the fluctuations in the market price of the stock, is answered by the agreed fact, that, during all the time the agreements had to run, the plaintiff owned, and had in his possession, certificates of more shares of the stock than he had agreed to sell the defendant.

*Judgment for the plaintiff on the finding.*